UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

_____
                                )
BERNARD HARDRICK,               )
        Plaintiff,              )
                                )    Civil Action No.
        v.                      )    19-cv-12475-NMG
                                )
GIRLS AND MAGS (COMPANY), et    )
al.,                            )
        Defendants.             )
                                )
_____

                              ORDER

**GORTON, J.**

Pro se litigant Bernard Hardrick has filed a complaint in which he alleges that the defendants committed mail fraud. For the reasons set forth below, the action is dismissed for lack of subject matter jurisdiction.

I.  **Background**

Hardrick is currently imprisoned at the Chippewa Correctional Facility in Kincheloe, Michigan. In the complaint, he represents that, in July 2018, he saw an advertisement in Prisoner Legal News "by a company named 'Girls And Mags' that offered names and addresses of 100 female pen pals." Compl. ¶ 6. The advertisement indicated that the mailing address for Girls And Mags was a post office box in Rehoboth, Massachusetts. Hardrick reports that, shortly thereafter, he placed an order with Girls And Mags for the "100 Black Beauties" publication by filling out the appropriate institutional catalog order form,

authorizing the prisoner treasurer to deduct the requisite amount—$15.00—from his institutional account, and directing that both be sent to the Rehoboth, Massachusetts address. The ledger of Hardrick's institutional account, which he included with his complaint, indicates that the treasurer deducted $15.00 from Hardrick's account on July 13, 2018 to issue a vendor check for "girls & mags." Compl., Ex. 2.

Hardrick states that he never received the "100 Black Beauties" publication or otherwise heard back from Girls and Mags. He reports that he wrote to Girls And Mags and Prisoner Legal News but did not receive any response.

Hardrick brings this action against "Girls And Mags (Company)" and "Unknown Owner." He invokes this Court's federal question subject matter jurisdiction under 28 U.S.C. § 1331 and characterizes his claim as one for mail fraud under 18 U.S.C. § 1341. The plaintiff seeks a combined total of $11,000 in compensatory and punitive damages as well as an injunction requiring the defendants to "cease their false advertisements." Compl. ¶ 19.

## II. Discussion

Federal courts are of limited jurisdiction, and they may only adjudicate certain types of cases. Federal district courts may exercise jurisdiction over civil actions arising under federal laws, see 28 U.S.C. § 1331 ("§ 1331"), and over certain

actions in which the parties are residents of different states and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332 ("§ 1332").  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Here, subject matter jurisdiction under § 1331 does not exist.  Even assuming the defendants' alleged conduct could expose them to criminal liability under 18 U.S.C. § 1341, the statute does not give rise to a private civil action against the defendants.  In other words, 18 U.S.C. § 1341 allows federal authorities to impose criminal penalties on those who have committed the acts enumerated therein, but the statute does not provide a mechanism by which a private party may bring a civil action for damages.  See Liu v. Amerco, 677 F.3d 489, 494 (1st Cir. 2012) (stating that "[t]he federal mail and wire fraud statutes, 18 U.S.C. §§ 1341 et seq., . . . have no civil-remedy provision").

Moreover, subject matter jurisdiction does not exist under § 1332.  Even if applicable state law provides Hardrick a private right of action under the alleged facts, the relief Hardrick seeks does not meet § 1332's requirement that the amount in controversy exceed $75,000.  Hardrick asks for damages totaling $11,000 and his request for injunctive relief does not push the amount in controversy over the $75,000 threshold.  See

Richard C. Young & Co., Ltd. v. Leventhal, 389 F.3d 1, 3 (1st Cir. 2004) ("[I]n actions seeking declaratory or injunctive relief it is well established that the amount in controversy is measured by the value of the object of the litigation (quoting Hunt v. Wash. St. Apple Adver. Com'n, 432 U.S. 333, 347 (1977))).

## III. Conclusion

In accordance with the foregoing, the Court orders that this action be DISMISSED for lack of subject matter jurisdiction.  The dismissal is without prejudice to Hardrick bringing an appropriate action in a state court.  The Court expresses no opinion on the merits of any such action.  The motions for leave to proceed in forma pauperis and for substitution of service shall be terminated as moot.

**So ordered.**

    /s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: 1/27/20